IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLYDE LAMB,

    Plaintiff,

v.      CIVIL ACTION NO.: CV208-179

BILL SMITH, Sheriff; Officer
STEVENS; and CAMDEN COUNTY
JAIL,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at the Camden County Jail in Woodbine, Georgia. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff alleges that his property was taken from him when he arrived at the Camden County Jail. Plaintiff asserts he was placed in a cell with someone who told him he was infected with AIDS. Plaintiff contends this was a deliberate attempt to infect him with AIDS by Defendant Smith, the Camden County Sheriff, and Wayne Bennett, the Glynn County Sheriff.

The intentional deprivation of property gives rise to a Due Process Clause violation when the State fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property.

See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, Plaintiff is not entitled to relief on this claim.

A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants "'reached an understanding to violate [his] rights.'" Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). As Plaintiff has failed to make this showing, his claim that Defendant Smith conspired with Wayne Bennett to violate his constitutional rights should be dismissed.

In addition, it appears Plaintiff seeks to hold Defendant Smith liable for the alleged violations of Plaintiff's constitutional rights based solely on his position as Sheriff of Camden County. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Smith should be dismissed.

Plaintiff names the Camden County Jail[1] as a Defendant in this case. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), police departments and jails, as mere arms of such governments, are not

---

[1] Camden County Jail is not listed on the docket of this case as a Defendant, despite Plaintiff clearly listing this entity as a Defendant twice in his Complaint. The Clerk of the Court is directed to add the Camden County Jail as a named Defendant upon the docket of this case.

generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Camden County Jail, as it is merely the vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Smith and the Camden County Jail be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's deprivation of property claims be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 13th day of April, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE